# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**LUTHER ARNOLD**                                                        **PETITIONER**

**v.**                     **NO. 3:11cr89-MPM-SAA-1**

**UNITED STATES OF AMERICA**                             **RESPONDENT**

## MEMORANDUM OPINION AND ORDER

Petitioner is a federal prisoner proceeding pro se on a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The Government has submitted a response to the petition, and Petitioner has submitted a reply. Having reviewed the pleadings, the record, and the relevant law, the Court finds that an evidentiary hearing is not necessary, and that the motion should be denied.

## Factual Background and Procedural History

Petitioner pled guilty to acts of rape, incest, and homosexual acts in Madison County, Tennessee, and was sentenced on July 19, 1994, to fourteen years imprisonment in the Tennessee Department of Corrections. As a result of his convictions, Petitioner was required to register as a sex offender and is subject to the registration provisions of the Sex Offender Registration and Notification Act ("SORNA"). On January 28, 2008, Petitioner registered as a sex offender in Marshall County, Mississippi and was advised of his various reporting duties.

In 2011, Deputy United States Marshals received information that Petitioner had relocated from Marshall County without updating his registration with the State of Mississippi. Petitioner was located in Memphis, Tennessee, where he had been residing for approximately

1

two months without registering as a sex offender in Tennessee. Petitioner was arrested and charged in a one count indictment in the United States District Court for the Northern District of Mississippi with failure to register as a sex offender in violation of 18 U.S.C. § 2250(a). On September 15, 2011, Petitioner pled guilty to Count I of the indictment. At the sentencing hearing held on December 13, 2011, Petitioner was sentenced to a term of imprisonment of twenty-seven months. Petitioner filed the instant motion on or about June 14, 2012, seeking to have SORNA declared unconstitutional and his conviction voided.

## Petitioner's Allegations

Petitioner maintains that SORNA's registration requirements violate the First Amendment to the United States Constitution, because the requirement that he register violates his right to refrain from making a verbal or written expression. He argues that, because the statute violates the First Amendment, it does not satisfy the Necessary and Proper Clause of the Constitution. Petitioner also maintains that any governmental agencies that enforce the statute's provisions engage in a federal conspiracy that does not comply with the Oath of Office of the participants or the federal regulations governing employee conduct. Finally, he argues that his counsel performed ineffectively in not challenging the statute on constitutional grounds.

## The Sex Offender Registration and Notification Act

In 2006, Congress enacted the Adam Walsh Child Protection and safety Act of 2006, seeking "to protect the public from sex offenders and offenders against children" by establishing "a comprehensive national system for the registration of those offenders." Pub. L. No. 109-248, 120 Stat. 587 (2006), 42 U.S.C. § 16901. Title I of the Act is the Sex Offender Registration and Notification Act ("SORNA"), which as is applicable to this case, makes it a federal crime for a

person required to register under SORNA who "travels in interstate or foreign commerce" to "knowingly fail[] to register or update a registration[.]" 18 U.S.C. § 2250(a); *see also Carr v. United States*, ___ U.S. ___, 130 S. Ct. 2229, 2238 (2010).

**Discussion**

Petitioner maintains that SORNA's requirements violate the First Amendment to the United States Constitution and impose reprisals on those who exercise their First Amendment rights. Petitioner provides no authority for his proposition. Rather, he contends that SORNA's registration requirement is akin to requiring him to sign a statement or pledge allegiance to the flag.

Various courts have rejected First Amendment challenges to sex offender registration requirements. In an unpublished decision, the Sixth Circuit dismissed a plaintiff's complaint that enforcement of Ohio's Sexual Predator Registration and Notification Laws violated his constitutional rights, including his First Amendment right. *Bruggeman v. Taft*, 27 Fed.Appx. 456, 458 (6th Cir. 2001) (citation omitted). There, the court found that "there is no liberty interest in being free from having to register as a sex offender or from public disclosure of registry information." *Id*. (citation omitted). In another Ohio case, the district court rejected the offender's challenge to Ohio's registration requirements on constitutional grounds, noting that "the harsh consequences [of] classification and community notification *** come not as a direct result of the sexual offender law, but instead as direct societal consequences [of the offender's] past actions." *Miller v. Taft*, 151 F. Supp.2d 922, 926-27 (N.D. Ohio 2001) (citation omitted).

Similarly, in *Doe v. Shurtleff*, 628 F.3d 1217, 1220-21 (10th Cir. 2010), the Tenth Circuit considered a registered sex offender's challenge to a provision of the Utah sex offender reporting

3

law that required offenders to provide "all online identifiers and passwords used to access" the internet, with certain employment and financial account exceptions. *Id.* Doe challenged the law as violative of his First Amendment right to engage in anonymous speech. *Id.* at 1222. The court found the law to constitute a "content-neutral" burden on speech subject to intermediate scrutiny. *Id.* at 1223. The court explained that, in light of the classification of the speech, "the law will be upheld if "the Act (1) serves a substantial Government interest and (2) is 'narrowly drawn' to serve that interest 'without unnecessarily interfering with First Amendment freedoms.'" *Id.* (citations omitted). The court noted that there could be "no doubt that the State of Utah has a compelling interest in investigating kidnaping and sex-related crimes," and it ultimately concluded that the law did not unnecessarily interfere with Doe's First Amendment rights. *Id.* 1223-24.

The court, informed by the above-cited cases, finds that Petitioner's challenge to SORNA's registration requirements is frivolous. Freedom of speech protections under the First Amendment encompass "the right to speak freely and the right to refrain from speaking at all" in order to avoid infringement on "individual freedom of mind." *Wooley v. Maynard*, 430 U.S. 705, 714 (1977). The Court finds that SORNA's registration requirement does not impose on Petitioner any ideological message of the Government like in *Wooley*, *West Virginia Bd. of Educ. v. Barnette*, 319 U.S. 624, 633-34 (1943) (compulsory flag salute), or *Wieman v. Updegraff*, 344 U.S. 183 (1952) (government employees protected from dismissal for refusing to take an oath as to political affiliation), and that Petitioner's attempt to analogize SORNA's registration requirements to these types of cases is ill-suited. The Court finds that Petitioner has not demonstrated that SORNA's registration requirements violate any protected right under the First

4

Amendment.

Additionally, the Court finds that SORNA is a civil, regulatory scheme that is not punitive in nature. *See, e.g., United States v. Guzman*, 591 F.3d 83, 91 (2nd Cir. 2010) (Congress' goal in enacting SORNA was not simply to require sex offenders to register or punish them for failure to do so, but to establish national, comprehensive registration system for those offenders); *United States v. Young*, 585 F.3d 199, 204 (5th Cir. 2009) (stating "We now hold - in line with all of our sister Circuits to have considered the issue - that SORNA is a civil regulation . . ."); *see also United States v. Carr*, 130 S. Ct. at 2232-33 (2010) (finding that the Adam Walsh Child Protection Act, which included the SORNA, was enacted in 2006 to make state registration systems more uniform, comprehensive, and effective). Petitioner's claims that federal employees violate constitutional or criminal laws by commencing or pursuing prosecution under § 2250(a) is likewise rejected.

Because Petitioner's First Amendment challenge to the statute fails, so does his challenge that it violates the Necessary and Proper Clause based on the First Amendment violation. Out of an abundance of caution, the Court also considers a more general challenge to SORNA as violative of the Necessary and Proper Clause, which authorizes Congress to "make all Laws which shall be necessary and proper" for carrying out its enumerated powers. U.S. Const. art. I, § 8. "[I]n determining whether the Necessary and Proper Clause grants Congress the legislative authority to enact [or apply] a particular federal statute, we look to see whether the statute constitutes a means that is rationally related to the implementation of a constitutionally enumerated power." *United States v. Comstock*, 130 S. Ct. 1949, 1956 (2010) (citing *Sabri v. United States*, 541 U.S. 600, 605 (2004) (applying "means-end rationality" test to challenge to

5

congressional authority to enact statute under Necessary and Proper Clause)).

In *United States v. Vardaro*, 575 F. Supp.2d 1179, 1187-88 (D. Mont. 2008), the district court found "SORNA's registration provision [to be] reasonably adapted to meet the Congressional purpose of monitoring sex offenders who transgress state lines and is authorized by the Necessary and Proper Clause." Other courts have held the same. *See United States v. Carel*, 668 F.3d 1211, 1217 (10th Cir. 2011) (holding that Congress had authority to enact SORNA under the Necessary and Proper Clause); *United States v. Howell*, 552 F3d 709, 716-17 (8th Cir. 2009) (noting that as matter of first impression, SORNA is constitutional use of Necessary and Proper Clause); *United States v. Ambert*, 561 F.3d 1202, 1210-1212 (11th Cir. 2009) (holding Congress did not exceed its power under Necessary and Proper Clause by enacting SORNA).

Petitioner is a convicted sex offender, and "the Federal Government has a direct supervisory interest' over persons convicted of federal crimes." *Carr,* 130 S. Ct. at 2239. The stated intent of SORNA is to protect the public and establish a national registration system for sex offenders. *See* 42 U.S.C. § 16901. This Court agrees with the court in *United States v. Carel*, which found that Congress could have reasonably concluded that released sex offenders could pose a danger to the public if not required to register, and that a reasonable number of convicted sex offenders would not comply with state registration requirements in the absence of a federal law requiring them to do so. *Carel*, 668 F.3d 1211, 1222-23 (10th Cir. 2011). Therefore, the Court determines that Petitioner has not demonstrated that SORNA's registration requirements exceed congressional authority under the Necessary and Proper Clause, and it finds that the registration requirements of the statute are rational means implementing the goals sought

by the statute. Therefore, Petitioner's challenge to the statute under the Necessary and Proper Clause is rejected.

Because the Court has rejected Petitioner's constitutional challenges to SORNA as meritless, the Court likewise rejects his claim of ineffective assistance of counsel for failing to challenge the constitutionality of the statute. *See United States v. Kinder*, 167 F.3d 889, 893 (5th Cir. 1999) ("An attorney's failure to raise a meritless argument thus cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue."). Having rejected Petitioner's challenges to SORNA, his motion to vacate, set aside, or correct his sentence will be denied.

## Certificate of Appealability

Petitioner must obtain a certificate of appealability ("COA") before appealing this Court's decision denying his § 2255 motion. *See* 28 U.S.C. § 2253(a), (c)(1). While Petitioner has not filed a notice of appeal in this action, the Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, Rules Governing Section 2255 Proceedings for the United States District Courts. A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Court finds that Petitioner has not made such a showing, and a COA will not issue.

## Conclusion

Based on the reasons set forth in this Memorandum Opinion and Order, Petitioner's motion to vacate, set aside, or correct his sentence pursuant to § 2255 will be **DENIED** and **DISMISSED WITH PREJUDICE**. A separate judgment in accordance with this opinion and order will be entered today.

**SO ORDERED** this the 17th day of October, 2012.


                                **/s/ Michael P. Mills**
                                **CHIEF JUDGE**
                                **UNITED STATES DISTRICT COURT**
                                **NORTHERN DISTRICT OF MISSISSIPPI**